HUB CLOTHING HOUSE, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94426. Promulgated May 18, 1939.

OPINION.

MURDOCK: The Commissioner determined for the calendar year 1936 a deficiency of $3,396.98 in income tax and a deficiency of $85.85 in excess profits tax. The only issue for decision by the Board is whether the Commissioner erred in failing to allow the petitioner a credit of $12,000 under section 26 (c) (2) of the Revenue Act of 1936 for a like amount paid during the taxable year pursuant to a contract. The facts are found as stipulated by the parties.

The petitioner on December 31, 1931, entered into a parol agreement with an individual whereby it agreed to purchase a piece of improved real estate from the individual for $135,371.61. The agreement was reduced to writing and was executed on July 16, 1935. The written agreement referred to the oral agreement, which had provided that the payment of the purchase price was to be made out of profits which should thereafter be earned by the purchaser during a period of ten years from December 31, 1931, or such further time as might be reasonably necessary for such purpose. It further recited that the petitioner had paid $64,919.27 on account of the purchase price and still owed at the time of the written agreement $70,452.34. The written agreement contained the following provision:

The Purchaser agrees to pay the unpaid balance of purchase price, to-wit, the sum of $70,452.34 out of profits of the Purchaser's business on or before December 31, 1941 or such further time as may be reasonably necessary, con-

sidering the Purchaser's business, to effect the purpose of this agreement not exceeding five (5) years from said December 31st, 1941, together with interest on all unpaid balances of principal at the rate of seven per cent (7%) per annum from date hereof until the entire balance of said purchase price with interest thereon shall be fully paid.

The purchaser was to have use and possession of the premises until default and was to pay all taxes. The seller was to give a deed for the property when the purchase price had been fully paid.

The petitioner paid $12,000 on the purchase price of the property during 1936. The seller was indebted throughout the year 1936 on a mortgage covering the property and the payment of $12,000 was in fact paid directly by the petitioner to the mortgagee and applied in reduction of the mortgage. The same procedure had been followed in prior years.

The petitioner on its return for 1936 claimed a credit of $12,000, representing the payment on the purchase price. The Commissioner disallowed the credit claimed.

Section 26 of the Revenue Act of 1936 is entitled "Credits of Corporations." Paragraph (c) thereof is entitled "Contracts Restricting Payment of Dividends", and subparagraph (2) is as follows:

DISPOSITION OF PROFITS OF TAXABLE YEAR.—An amount equal to the portion of the earnings and profits of the taxable year which is required (by a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the disposition of earnings and profits of the taxable year) to be paid within the taxable year in discharge of a debt, or to be irrevocably set aside within the taxable year for the discharge of a debt; to the extent that such amount has been so paid or set aside. For the purposes of this paragraph, a requirement to pay or set aside an amount equal to a percentage of earnings and profits shall be considered a requirement to pay or set aside such percentage of earnings and profits. As used in this paragraph, the word "debt" does not include a debt incurred after April 30, 1936.

The contract involved in this case was a written contract executed by the corporation prior to May 1, 1936. The statute allows credit only for earnings of the taxable year which are required by a provision expressly dealing with the disposition of earnings of the taxable year to be paid within the taxable year in discharge of a debt. No part of the earnings of the petitioner for the taxable year were required by any provision of the contract to be paid within the taxable year on account of the purchase price. There is in fact no provision of the contract which expressly deals with the disposition of earnings and profits of the taxable year. The contract did not require that $12,000, or any other amount of the earnings of the year 1936, should be applied in payment of the purchase price. The petitioner merely agreed to pay the unpaid balance of the purchase price out of profits of its business during a prescribed period. It could have chosen to

make no payment whatsoever in 1936 without violating the terms of the contract. The contract did not deal with earnings of any particular year but dealt only with earnings of a much longer period. Even though no payment had been made in 1936, the contract could have been satisfied by a payment of the unpaid purchase price in later years. An examination of the legislative history of section 26 (c) (2) is not particularly helpful. However, the legislative history fails to disclose an intention on the part of Congress to allow credit in a case such as this.

*Decision will be entered for the respondent.*